F I L E D
CLERK OF COURT

2025 AUG 13 PM 4: 27

SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0690-24** |
| | ) GPD Report Nos. 24-23035/24-17683/24-20828/ |
| vs. | ) 24-23045 |
| | ) |
| **JESSE ANDREW LEON GUERRERO,** | ) |
| *aka* **Jesse Aaron Leon Guerrero** | ) **DECISION & ORDER** |
| DOB: 01/10/1972 | ) **RE. MOTION TO SUPPRESS** |
| | ) |
| Defendant. | ) |

This matter came before the Honorable Alberto E. Tolentino on May 15, 2024, for a Motion Hearing. Defendant Jesse Andrew Leon Guerrero ("Defendant") was present with counsel Attorney Thomas Fisher. Assistant Attorney General David Griffin was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Suppress.

## BACKGROUND

**A. Allegations in the Magistrate's Complaint and Indictment**

On October 2, 2024, the Defendant was charged for offenses that occurred on or about July 31, September 6, and October 1 of 2024. *See* Magistrate's Compl. (Oct. 2, 2024). Although

Magistrate Judge Jonathan R. Quan dismissed the Second Charge of POSSESSION OF A FIREARM WITHOUT VALID IDENTIFICATION (As a 3rd Degree Felony), the grand jury handed down an Indictment against the Defendant for the following offenses: (1) Three counts of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE FOR DELIVERY, DISPENSING, OR MANUFACTURING (As a 1st Degree Felony); and (2) POSSESSION OF A FIREARM WITHOUT VALID IDENTIFICATION (As a 3rd Degree Felony). *See* Indictment (Oct. 8, 2024).

Prior to its withdrawal on October 18, 2024, the Public Defender Service Corporation was previously appointed as the Defendant's counsel. *See* Withdrawal (Oct. 18, 2024). The Defendant's current counsel Attorney Thomas Fisher was subsequently appointed. *See* Notice (Oct. 18, 2024). On November 21, 2024, the Defendant asserted his right to speedy trial at arraignment. *See* Arraignment Hr'g Mins. at 2:03:40PM (Nov. 21, 2024). Pursuant to his assertion, the court scheduled the Defendant's jury selection and trial for December 30, 2024.[1] *See* Criminal Trial Scheduling Order (Dec. 3, 2024).

During a Further Proceedings, the court ordered the People to provide all parties with discovery by 5:00PM that day. *See* Further Proceedings Mins. at 10:20:42AM (Dec. 10, 2024). At the Pre-Trial Conference on December 18, 2024, the Defendant stated on the record that he submitted a Petition for Writ of *Habeas Corpus* in this case. *See* Pre-Trial Conference Mins. at 9:27:03AM (Dec. 18, 2024). Later that day, the court addressed this issue at a continued Pre-Trial Conference. Ultimately, the Defendant withdrew the Petition and, upon his request for release from confinement at the Department of Corrections, was released on house arrest. *See* Pre-Trial Conference Mins. at 3:07:17PM (Dec. 18, 2024).

---

[1] In accordance with the forty-five (45) day period under 8 G.C.A. § 80.60(a), the last day to bring the Defendant to trial was January 5, 2025.

## B. Exclusion of information relating to a confidential informant at trial

At another continued Pre-Trial Conference on December 27, 2024, the Defendant agreed to waive his right to speedy trial until January 10, 2025. *See* Pre-Trial Conference Mins. at 2:37:44PM (Dec. 27, 2024). Upon the Defendant's temporary waiver, the court vacated jury selection and trial originally scheduled for December 30, 2024, and continued the Pre-Trial Conference to January 10, 2025. *Id.* At that conference, the court ordered the People to produce information regarding confidential informants by close of business on January 13, 2025, if it intended to utilize any. *See* Pre-Trial Conference Mins. at 2:14:20PM (Jan. 10, 2025).

After receiving no information regarding the People's confidential informant, the Defendant filed a Suggestion of Contempt and Motion on January 14, 2025. In response, the People filed under seal an *Ex Parte* Motion for Relief and Clarification on January 17, 2025. At a Status Hearing held on January 23, 2025, the court addressed the Defendant's Suggestion of Contempt and Motion and the People's *Ex Parte* Motion. The Defendant later filed a Motion to Dismiss and Motion in *Limine* on January 29, 2025.[2]

In his Motion in *Limine*, the Defendant moved "to exclude all evidence derived from that confidential informant" after the People failed to produce that informant's identity. Mot. *Limine* (Jan. 29, 2025). At a Motion Hearing on February 20, 2025, the court granted "the exclusion of all the evidence as to that confidential informant." Mot. H'rg Mins. at 2:50:16 – 50:32PM (Feb. 20, 2025).[3] The court subsequently memorialized this ruling in the Defendant's Proposed Order After Hearing, which excluded "any evidence at trial derived from the acts or statements of a

---

[2] On April 21, 2025, the court orally denied the Defendant's Motion to Dismiss for reasons set forth in its written Decision and Order. *See generally* Decision & Order (May 15, 2025).

[3] At the time, the court only knew of one confidential informant based on the Affidavit of Probable Cause attached to the Magistrate's Complaint: Guam Police Informant 24-023. *See* Magistrate's Compl., Affidavit (Oct. 2, 2024).

confidential informant nor may they in any way use those acts or statements at trial." Order After Hr'g (Mar. 19, 2025).

### C. Defendant Leon Guerrero's Superseding Indictment

Upon the dismissal of one co-defendant, the prior severance of another co-defendant, and the court's exclusion of the confidential informant, the People filed a Superseding Indictment on March 27, 2025, charging the Defendant with the following offenses: (1) POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLED SUBSTANCE (As a 1st Degree Felony); and (2) POSSESSION OF A FIREARM WITHOUT A FIREARMS IDENTIFICATION CARD (As a 3rd Degree Felony). *See* Superseding Indictment (Mar. 27, 2025).[4] Pursuant to the filing of a Superseding Indictment, the Defendant was arraigned on April 17, 2025. *See* Arraignment Hr'g Mins. at 9:40:23AM (Apr. 17, 2025).

### D. Defendant Leon Guerrero's Motion to Suppress

In anticipation of a Motion Hearing scheduled for May 15, 2025, the court ordered the parties to submit briefs on a Motion to Suppress according to the dates mentioned on the record. *See* Mot. Hr'g Mins. at 10:16:10AM (Apr. 21, 2025). On May 2, 2025, the Defendant filed a Motion to Suppress as to "[a]ll evidence in this case, as well as statements and observations relating to the charges, [which] arise from information supplied by a confidential informant(s)." Def.'s Mot. Suppress (May 2, 2025). The Defendant argues two main points in favor of suppression. First, he argues that this court's earlier ruling on a Motion in *Limine*, granting the exclusion of "any evidence at trial derived from the acts or statements of a confidential informant," prevents the People from using such evidence. Def.'s Mot. Suppress at 1–2. Second,

---

[4] Although the Defendant was originally indicted in this case with co-defendants Dawn Espinoza and Mikalynn Afaisen, co-defendant Afaisen was severed from this case back on January 10, 2025; and co-defendant Espinoza was dismissed from this case on March 28, 2025. *See* Further Proceedings Mins. at 2:14:20PM (Jan. 10, 2025); *see also* Further Proceedings Mins. at 2:23:40PM (Mar. 28, 2025).

the Defendant argues that the information in the affidavit of probable cause grew stale at the time the search warrant was executed. *Id.* at 2–3.

Despite the Defendant's timely submission of his Motion to Suppress by the court's deadline of May 5, 2025, the People untimely filed its Opposition to the Motion to Suppress ("Opposition") on May 14, 2025 – two days past the court's deadline of May 12, 2025.

### E. Defendant Leon Guerrero's Suppression Hearing

On May 15, 2025, the parties were before the court at a Motion Hearing to present oral arguments on the Defendant's Motion to Suppress. But first, the court needed to address the People's untimely Opposition. Pursuant to 8 GCA § 65.45, the court did not allow the People to make an oral argument on the Motion. *See* Mot. Hr'g Mins. at 11:21:24 – 23:47AM (May 15, 2025).[5] Despite this, the court noted its intent to consider the People's untimely, written Opposition; and permitted the People to lay the foundation of the events in this case by questioning the subpoenaed witness. *Id.* Upon the court's ruling, the court heard testimony from Guam Police Department Officer Eugenius Pewtress ("Officer Pewtress").

During the People's direct examination, Officer Pewtress testified about the portions of his investigation not involving confidential informants. Specifically, he testified about previous surveillance of the Defendant, anonymous tips, and information from an individual named Kenneth Michael Reyes. *See* Mot. Hr'g Mins. at 11:30:15 – 40:20AM (May 15, 2025). It was not until defense counsel cross-examined Officer Pewtress when he testified about the unnamed confidential informants and Sources of Information involved in obtaining the search warrant for

---

[5] If a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver.")

this case. Notably, Officer Pewtress testified about the difference between Guam Police Informants and Sources of Information, stating that:

> A Source of Information is an individual who provides information; maybe it's on one occasion. And that person might not want to continue cooperating and giving information. Whereas, a Guam Police Informant is someone that is actually signed up as a GPI and given a number. A lot of times they are defendant informants and they continue to cooperate.

Mot. Hr'g Mins. at 11:55:12 – 55:45AM (May 15, 2025). In addition to the two theories of staleness and the court's earlier exclusion of evidence, the Defendant argued that Officer Pewtress failed to established the reliability and veracity of the confidential informants within the search warrant's affidavit. *Id.* at 12:56:04 – 58:24PM (May 15, 2025). Ultimately, the court took the matter under advisement.

## DISCUSSION

The Fourth Amendment provides "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, [and] shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment's protections against unreasonable searches and seizures apply to Guam through § 1421b(c) of the Organic Act of Guam. *See People v. Yerten*, 2021 Guam 8 ¶ 17 (citing *People v. Johnson*, 1997 Guam 9 ¶ 4).[6]

Under 8 GCA § 35.10, "[a] search warrant is a written order issued by a judge of the Superior Court directing a peace officer to conduct a search for the purpose of seizing property and holding any property seized pending further order of the court." 8 GCA § 35.10(a) (emphasis added). "If the judge is satisfied that grounds for the application exist, or that there is probable

---

[6] In light of this application, the court may use federal authority to interpret and guide the application of the Fourth Amendment's protections in this case.

cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched." 8 GCA § 35.20(b).

Here, the Defendant moves to suppress "all evidence as derived from a defective search warrant." Def.'s Mot. Suppress at 3. In motions to suppress evidence like the one at issue, "the defendant bears the burden of proof when a search or seizure is conducted pursuant to a warrant." *People v. Calhoun*, 2014 Guam 26 ¶ 9 (quoting *People v. Santos*, 1999 Guam 1 ¶ 51). Despite the People's failure to timely file its Opposition in this case, the court still has an obligation to analyze the merits of the issue before it. In *Petition of Quitugua v. Flores*, the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶¶ 27–28.

**A. Superior Court Judge has authority to review another Superior Court Judge's determination of probable cause.**

Although 8 GCA §§ 35.110 and 35.20 authorize a Superior Court judge to issue a search warrant upon a finding of probable cause, Guam law does not explicitly grant one Superior Court judge authority to review another Superior Court judge's determinations of probable cause. *See People v. Gallo*, 2017 Guam 24 ¶ 19. For instance, in the context of a motion to suppress evidence, a Superior Court judge does not have explicit authority to review another Superior Court judge's finding of probable cause to support the issuance of a search warrant. *See* 7 GCA § 7107 (listing incidental powers and duties of Superior Court); *see also* 7 GCA § 4102 (granting the Superior Court "appellate jurisdiction" over certain matters).

\\

\\

However, when jurisdiction of the Superior Court is established, 7 GCA § 7117 states that:

> all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

7 GCA § 7117. When reading the above statutes under Titles 7 and 8 of the Guam Code Annotated, the Guam Supreme Court found that these statutes altogether authorize a Superior Court judge to review another Superior Court judge's determination of probable cause in light of a motion to suppress evidence. *See Gallo*, 2017 Guam 24 ¶ 21.

**B. A subsequent order granting a pre-trial Motion in *Limine* should not be considered when reviewing a determination of probable cause by another judge on the same court.**

To issue a search warrant, the issuing court must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him[,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gallo,* 2017 Guam 24 ¶ 22 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In turn, the "a Superior Court judge reviewing a probable cause determination by another judge on the same court should ensure that *the issuing judge had a substantial basis for concluding that probable cause existed. A reviewing court may not suppress evidence based upon a lack of probable cause unless the issuing court's probable cause determination was clearly erroneous." Id.* ¶ 25 (emphasis added).[7] "A finding is clearly erroneous when, even though some evidence supports it, the entire record

---

[7] Like the *Gallo* court, this court will refer to itself as the "reviewing court" as it is tasked with reviewing the probable cause determination by another judge on the same court. In turn, the "issuing court" is the Superior Court judge whose determination of probable cause is being reviewed. *See generally Gallo*, 2017 Guam 24.

produces the definite and firm conviction that the court below committed a mistake." *People v. Mansapit*, 2016 Guam 30 ¶ 8 (quoting *People v. Camacho*, 2004 Guam 6 ¶ 13).

As mentioned above, the court previously ordered that the People may not use "any evidence at trial derived from the acts or statements of a confidential informant nor may they in any way use those acts or statements at trial." Order After Hr'g (Mar. 19, 2025). The Defendant used this earlier ruling as support for his Motion to Suppress. At the Motion Hearing, he specifically argued, "It's *res judicata*. The court has already ordered that they cannot use the confidential informants nor the information arising from the confidential informants... They just cannot use it, so that gets knocked out of the search warrant." Mot. Hr'g Mins. at 12:56:04 – 58:24PM (May 15, 2025).[8]

"In reviewing the validity of a search warrant, a court is limited to the information and circumstances contained within the four corners of the underlying affidavit." *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985). When determining whether probable cause existed for a search warrant, the issuing court had everything in Officer Pewtress's Affidavit to consider. Namely, Officer Pewtress provided a summary of his investigation, including his personal surveillance, Sources of Information, Guam Police Informants, controlled-buy operations, and police database research. *See generally* Def.'s Mot. Suppress, Att. A.

The court does not dispute that its earlier ruling to exclude evidence of a confidential informant will remain in effect at trial as *res judicata* of the case. However, this evidentiary ruling on a Motion in *Limine*, which was made approximately eight (8) months *after* the issuing court's determination of probable cause, is not the kind of "information and circumstances contained

---

[8] Title 6 of the Guam Code Annotated describes the doctrine of *res judicata*; specifically, under 6 GCA § 4209. *See* 6 GCA § 4209(2) ("In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided that they have notice, actual or constructive, of the pendency of the action or proceedings.").

within the four corners of the underlying affidavit." *Stanert*, 762 F.2d at 778. Therefore, this court finds it inappropriate to consider its subsequent evidentiary ruling relating to a confidential informant in its decision to suppress evidence for lack of probable cause.

## C. The issuing court had a substantial basis for concluding that probable cause existed for the search warrant in this case.

As mentioned above, "a Superior Court judge reviewing a probable cause determination by another judge on the same court should ensure that the issuing judge had a substantial basis for concluding that probable cause existed." *Gallo*, 2017 Guam 24 ¶ 25. In light of the court's finding above that its prior evidentiary ruling is not information to consider in reviewing an issuing judge's determination of probable cause, the court will now review the Defendant's remaining two theories advanced in support of the suppression of all evidence.

### (1) The credibility of the confidential informants within the Affidavit

Notwithstanding the fact that the Affidavit of Probable Cause attached to the Magistrate's Complaint only references one Guam Police Informant – GPI24-023 – defense counsel questioned Officer Pewtress on three additional confidential informants at the Motion Hearing: GPI24-005, GPI24-007, and GPI24-011. *See* Mot. Hr'g Mins. at 12:20:20 – 52:44PM (May 15, 2025). In reviewing whether the issuing court had a substantial basis for concluding that probable cause existed to issue a search warrant, this court will determine if Officer Pewtress as the affiant established the credibility of the confidential informants listed within the affidavit.

Affidavits relying on unnamed informants must include enough detail to allow the magistrate to assess the credibility of the information provided. *See generally United States v. Stewart*, 183 F.Supp.2d 91 (D. Me. 2002). "If an informant is mentioned, the affidavit must address the informant's 'veracity' and 'basis of knowledge.'" *United States v. Ohoro*, 724

F.Supp.2d 1191, 1202 (M.D. Ala. 2010). When analyzing an informant's veracity, reliability, and basis of knowledge, in the context of a probable cause, the *Gates* court held that:

> [A]n informant's "veracity," "reliability" and "basis of knowledge" are all highly relevant . . . We do not agree, however, that these elements should be understood as entirely separate and independent requirements to be rigidly exacted in every case, which the opinion of the Supreme Court of Illinois would imply. Rather, as detailed below, they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.

*Gates*, 462 U.S. at 230 (internal citations omitted). Because the facts supporting an informant's reliability take no specific form, the following facts could support a court's finding of probable cause:

> The affidavit could state that police corroborated significant parts of the informant's story. Or the affiant could attest "with some detail" that the informant provided reliable information in the past. Or there could be other indicia of the informant's reliability, such as a detailed description of what the informant observed first-hand, or the willingness of the informant to reveal his or her name. As long as the issuing judge can conclude independently that the informant is reliable, an affidavit based on the informant's tip will support a finding of probable cause.

*United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005) (citing *United States v. Allen*, 211 F.3d 970, 976 (6th Cir.), *cert. denied*, 531 U.S. 907, 121 S.Ct. 251, 148 L.Ed.2d 181 (2000)) (internal citations omitted).

"When considering veracity, a reviewing court can weigh such factors as whether the informant provided reliable information in the past, offered first-hand knowledge, was willing to reveal his or her identity, provided detailed predictive information about future events, offered admissions against penal interest, and whether there was independent corroboration by the affiant." *Gallo*, 2017 Guam 24 ¶ 29 (citing *Gates*, 462 U.S. 213; *United States v. Quitugua*, No. 16-00004, 2016 WL 3620727, at *3 (D. Guam June 29, 2016); *McCraven*, 401 F.3d at 697).

"When considering the basis of an affiant's knowledge, a court can weigh whether the informant is speaking from first-hand knowledge or is offering hearsay." *Gallo*, 2017 Guam 24 ¶ 29 (citing *Quitugua*, 2016 WL 3620727, at *3)). If basing a finding of probable cause on hearsay evidence as allowed under 8 GCA § 35.20(a), the issuing court must have "a substantial basis for believing the hearsay to be credible." *People v. Rico*, No. 79-00008A, 1992 WL 91184, at *1 (D. Guam App. Div. Mar. 6, 1980).[9] "Where an affidavit relies on hearsay, particularly from an informant, the issuing court may consider things such as the veracity or basis of knowledge of the informant. These considerations are not mutually exclusive; a weak showing of one can be balanced against a strong showing of the other." *Gallo*, 2017 Guam 24 ¶ 29 (internal citations omitted).

In the search warrant's Affidavit, GPI24-005 "denied having knowledge of Jesse selling methamphetamine." Def.'s Mot. Suppress, Att. A. When questioned about GPI24-005, Officer Pewtress testified that the paragraph within his Affidavit, which only discusses GPI24-005, indicates that an individual named "Ken" would be at that two-story residence of the Defendant. *See* Mot. Hr'g Mins. at 12:13:30 – 15:42PM (May 15, 2025). Although this informant possessed firsthand knowledge of purchasing methamphetamine at the Defendant's residence from Ken, the court finds that that information was not subsequently and independently corroborated in the Affidavit.

While Officer Pewtress knew GPI24-007 previously from an unrelated drug investigation, he testified that he had not known GPI24-007 for longer than a month as of February 13, 2024. *See* Mot. Hr'g Mins. at 12:22:46 – 23:30PM (May 15, 2025). In his Affidavit, Officer Pewtress stated that he and Detective J.G. Nucum drove GPI24-007 to "Target Location 1," which was the

---

[9] "The finding of probable cause may be based upon hearsay evidence in whole or in part." 8 GCA § 35.20(a).

label for the Defendant's residence: 134A Lubanos Street. Def.'s Mot. Suppress, Att. A. Upon driving GPI24-007 to Target Location 1, "GPI24-007 positively identified the 2 story residence with the warehouse in front as the residence that the dealer obtained the drugs from (TL1)." *Id.* Officer Pewtress corroborated GPI24-007's information through an individual referred to as "Source of Information 2"; also known as the "described 'dealer' that GPI24-007 previously identified." *Id.* Based on the search warrant's Affidavit, the court finds that Officer Pewttress was able to independently corroborate GPI24-007's firsthand knowledge about obtaining methamphetamine from the Defendant's residence through two controlled-buy operations, his personal surveillance of the target location, and subsequent anonymous tips.

In the Affidavit, Officer Pewtress indicated that Detective P.T.F. Paulino interviewed GPI24-011, which yielded information implicating the Defendant for the charged offenses in this case. *See* Def.'s Mot. Suppress, Att. A. For instance, GPI24-011 described the layout of the Defendant's residence as well as the Defendant's alleged drug transactions, which GPI24-011 personally witnessed. *Id.* Subsequent to this interview, Officer Pewtress conducted two successful controlled-buy operations involving a separate confidential informant; both of which took place at the Defendant's residence. Although GPI24-011's interview with Detective Paulino is hearsay, the two controlled-buy operations served as the issuing court's substantial basis for believing that GPI24-011's eyewitness accounts and admission against penal interests constitute as credible hearsay.

Although neither party questioned Officer Pewtress about GPI24-023 at the Motion Hearing, this is the only confidential informant mentioned in the Affidavit of Probable Cause attached to the Magistrate's Complaint. Upon review of the search warrant's Affidavit, GPI24-023 also provided information implicating the Defendant for the offenses charged in this case.

*See* Def.'s Mot. Suppress, Att. A. Unlike the other confidential informants, GPI24-023 is the only informant whose implications were corroborated through GPI24-023's personal participation in two successful controlled-buy operations involving the Defendant. *Id.* Officer Pewtress and the Special Investigation Section of the Guam Police Department ("SIS") facilitated both controlled-buy operations, which are further explained in his Affidavit. *Id.* According to Officer Pewtress in the search warrant's Affidavit, "[s]urveillance recording corroborated events" relating to both controlled-buy operations. *Id.*

At the Motion Hearing, the Defendant attempted to individually attack the credibility of GPI24-005, GPI24-007, and GPI24-011. Ultimately, he argued that Officer Pewtress's Affidavit of Probable Cause lacked statements regarding what each informant has done to prove their credibility. *See* Mot. Hr'g Mins. at 12:57:53 – 58:01PM (May 15, 2025). Whether an informant provided reliable information in the past is only one among several factors the court must consider in its determination of an informant's overall credibility.

Although the credibility of one Guam Police Informant might not have been enough to base a finding of probable cause upon, Officer Pewtress testified that "if there's multiple informants saying very similar things, pointing in the same direction, that would leave me to believe that there is probable cause." Mot. Hr'g Mins. at 12:10:18 – 10:54PM (May 15, 2025). The search warrant's Affidavit presented four Guam Police Informants; two which specifically implicated the Defendant for the offenses in this case through similar, corroborated statements. Upon reviewing all the circumstances surrounding each Guam Police Informant in this case, the court finds that Officer Pewtress established the credibility of all informants, except GPI24-005, within the Affidavit. Therefore, the Defendant did not meet his burden of proving that the search warrant in this case should be suppressed on the basis of uncredible confidential informants.

## (2) Residual information in the warrant, unrelated to a confidential informant

The Defendant alternatively argues that, "assuming the [court's earlier] order does not extend to the entirety of the evidence gathered pursuant to the warrant, the residual evidence must nevertheless be suppressed as obtained in violation of the U.S. Constitution." Def.'s Mot. Suppress at 2. In accordance with his Motion to Suppress, the Defendant argued on the record that the information, unrelated to any confidential informant and gathered in support of the search warrant for the Defendant's residence, became stale. *See* Mot. Hr'g Mins. at 12:57:00 – 57:32PM (May 15, 2025). Because of this, the Defendant concluded that there was no reason to believe that there would be the things GPD was trying to seize in the Defendant's house when the search warrant was issued. *Id.*

Pursuant to the Staleness Doctrine, the Defendant cites *People v. Hulland*, 110 Cal. App. 4th 1646, 1652 (2003), as support to suppress the evidence in this case. In *Hulland*, the court held that "[i]nformation that is remote in time may be deemed stale and thus unworthy of consideration in determining whether an affidavit for a search warrant is supported by probable cause." *Id.* However, the *Hulland* court also held that "[i]f circumstances would justify a person of ordinary prudence to conclude that an activity had continued to the present time, then the passage of time will not render the information stale." *Id.* (citing *People v. Mikesell* 46 Cal.App.4th 1711, 1718 (1996)).

In finding "delays of more than four weeks... [as] insufficient to demonstrate present probable cause... [l]onger delays are justified only where there is evidence of an activity continuing over a long period of time or the nature of the activity is such as to justify the inference that it will continue until the time of the search." *Id.* (citing *People v. Medina* 165 Cal.App.3d 11, 20–21 (1985)) (internal citations omitted).

In his Motion to Suppress, the Defendant interprets the search warrant's residual evidence as all the information within the Affidavit that did not relate to a confidential informant. Specifically, the search warrant's Affidavit references Officer Pewtress's personal surveillance in 2020, Sources of Information 2023 and 2024, Guam Crime Stoppers anonymous tips from 2023, and Guam Police Department ("GPD") database research. While GPD did not execute the search warrant until October 1, 2024, the Defendant points out that the last piece of information in Officer Pewtress's Affidavit – the second controlled-buy operation – occurred on September 6, 2024. Although the Defendant argues that the allegedly stale information was obtained in violation of the U.S. Constitution, stale information is not automatically deemed a constitutional violation if it was otherwise lawfully obtained prior to growing stale. If information used to support probable cause for a warrant has grown stale, a court simply must not consider that stale information in determining whether probable cause exists.

At the Motion Hearing, the People laid a foundation regarding the portions of Officer Pewtress's investigation that did not involve a confidential informant. Specifically, Officer Pewtress testified about: (1) his "periodic patrol checks" in Leyang Road during the latter part of 2020; (2) two Guam Crime Stoppers anonymous tips received in November of 2023; (3) an encounter with an individual named Kenneth Michael Reyes on March 7, 2024; and (4) surveillance conducted in February of 2024. *See* Mot. Hr'g Mins. at 11:30:15 – 40:20AM (May 15, 2025). Following this testimony, the People ended Officer Pewtress's direct examination with the following questions:

> PEOPLE: So, based on what we have discussed today, on each of the paragraphs that we had discussed, what did that lead you to believe about this target location and the defendant?
>
> PEWTRESS: That there was belief to be drug trafficking, firearm activity.

PEOPLE: So, you applied for this warrant?

PEWTRESS: Yes.

PEOPLE: And a judge signed off on this?

PEWTRESS: Yes.

*Id.* at 11:39:50 – 40:20AM. When cross-examined about his prior testimony regarding non-informant evidence in the search warrant's Affidavit, Officer Pewtress testified that each anonymous tip, standing alone, was not enough to provide probable cause for the search warrant. *See* Mot. Hr'g Mins. at 12:10:18 – 11:44PM.

When only considering this residual evidence, the last piece of information was Officer Pewtress's interview with Source of Information 2 on June 7, 2024. The court does not dispute that the delay between this interview and obtaining the search warrant is more than four weeks, which is a delay that the *Hulland* court deemed insufficient for present probable cause. However, the suspected distribution of methamphetamine is the kind of activity that would lead a person of ordinary prudence to infer that such activity will continue until the time of the search. Looking at all the information within the search warrant's Affidavit in its totality, that information shows that this activity did continue as recent as September 6, 2024, based on the last controlled-buy operation conducted by Officer Pewtress and SIS. Then, GPD executed the search warrant less than one month later. Based on the search warrant's Affidavit and the *Hulland* court's reasoning on this similar issue, the court finds that the Defendant did not meet his burden of proving that the residual evidence should be suppressed under the Staleness Doctrine.

\\

\\

\\

## CONCLUSION

In consideration of this court's findings above regarding the information within the search warrant's Affidavit – both related and unrelated to confidential informants – the court finds that the issuing court had a substantial basis for concluding that probable cause existed when it issued the search warrant on September 6, 2024.

Therefore, the court hereby **DENIES** the Defendant's Motion to Suppress. The court's earlier ruling as to the exclusion of information relating to a confidential informant at trial still stands.

AUG 1 3 2025

**SO ORDERED** this _____.

_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & T. Fisher

Date: 8|13|25  Time: 4:37
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam